IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARRICKIO D. HARRIS,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF LANCASTER, NEBRASKA, JODI L. NELSON, and DARLA S. IDEUS,<br><br>          Defendants. | 8:23CV374<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Plaintiff Marrickio D. Harris' ("Harris") Objection and Motion to Waive Filing Fee ("Objection"), Filing No. 5, Motion for Extension, Filing No. 6, and Supplemental Notice of Removal ("Supplement"), Filing No. 7. For the reasons that follow, Harris' Objection is denied, his Motion for Extension is granted, and the Court will treat the Supplement as part of the Complaint, Filing No. 1.

      Harris filed a "Notice of Removal" which the Court docketed as a civil complaint, Filing No. 1, on August 21, 2023. On August 25, 2023, the Court directed Harris to submit the $402.00 filing and administrative fees[1] or submit a request to proceed in forma pauperis ("IFP"). Filing No. 4. In response, on September 28, 2023, Harris filed his Objection and Motion for Extension. Harris also filed his Supplement, which the Court will discuss further below. In his Objection, Harris asks the Court to waive the filing fee in this matter as he seeks to remove a state civil action he filed in the District Court of Lancaster County, Nebraska, on April 20, 2023, and he asserts "[a] filing fee is not required for removal of a civil rights action from state court to federal court under 28 U.S.C. § 1443." Filing No. 5 at 2. Alternatively, Harris asks "that this case be docketed

---

[1] On December 1, 2023, the Court's filing and administrative fees increased to $405.00.

as an original civil rights action in the event this Court denies removal so that Plaintiff will be required to pay only one (1) filing fee or motion to proceed in forma pauperis." *Id*. Harris also requests a 30-day extension of time to either pay the filing fee or submit an IFP motion from the date the Court rules on his Objection. Filing No. 6.

Upon careful consideration, Harris' Objection is denied as the Court cannot waive the filing fee in this matter. Contrary to Harris' assertion, a filing fee is required for actions removed to federal court under 28 U.S.C. § 1443. "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, *removal* or otherwise, to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a) (emphasis added). Thus, even if this was a properly removed case, Harris would be obligated to pay the filing fee.

However, this case is not a properly removed action as Harris is the plaintiff in the state action he seeks to remove, and removal is allowed only to defendants. Federal law authorizes the removal of some state court civil actions but only by a state court defendant or defendants. 28 U.S.C. § 1441(a)(1) (providing for removal of state court civil actions over which federal district courts have original jurisdiction "by the defendant or the defendants"); 28 U.S.C. § 1443 (providing for removal of certain civil rights actions "by the defendant"). "There is no federal law authorizing plaintiff to remove his state court action to federal court." *Fonder v. S. Dakota*, No. 1:21-CV-01023-CBK, 2021 WL 4710781, at *3 (D.S.D. Oct. 8, 2021). Moreover, Harris filed his notice of removal more than 30 days after he filed his state court complaint contrary to the procedure for removal in 28 U.S.C. § 1446(b).

Because this action is not properly removed, the Court treats this action as an original civil rights action, in conformity with the Court's docketing of Harris' pleading as

a civil complaint. As such, Harris must either submit the $402.00 filing and administrative fee or submit a request to proceed IFP if he wants to prosecute this case in this Court. Harris is advised that if he is granted leave to proceed IFP in this matter, he will be allowed to pay the Court's $350 filing fee in installments. See 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). He would not be subject to the $52.00 administrative fee in effect when he filed his complaint that is assessed to non-IFP plaintiffs. As a prisoner plaintiff, Harris is required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if he is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

In light of the Court's ruling on Harris' Objection, the Court will grant Harris' Motion for Extension, Filing No. 6, and give him 30 days from the date of this Memorandum and Order to either pay the fee or file an IFP motion. In the absence of either action, this case will be dismissed.

Finally, Harris requests leave to amend his Complaint to add the additional factual allegations and defendants described in his Supplement. Filing No. 7 at 3. Upon consideration, the Court will consider the Supplement as part of Harris' Complaint and will consider the allegations contained within the Supplement, as well as the additional defendants named therein, when conducting an initial review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A. See NECivR 15.1(b) (Court may consider pro se litigant's amended pleading as supplemental to, rather than as superseding, the original pleading). To the extent Harris wishes to file an amended

3

complaint, he may do so by filing a proper motion and attaching "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments" and is "a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects." NECivR 15.1(a).

IT IS THEREFORE ORDERED that:

1. Harris' Objection and Motion to Waive Filing Fee, Filing No. 5, is denied.

2. Harris' Motion for Extension, Filing No. 6, is granted. Harris shall have until **May 29, 2024**, to submit the $402.00 fees to the Clerk's office or submit a request to proceed in forma pauperis. Failure to take either action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Harris the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The Court will consider Harris' Supplemental Notice of Removal, Filing No. 7, as supplemental to, and part of, the Complaint, Filing No. 1.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 29, 2024**: Check for MIFP or payment.

Dated this 29th day of April, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge

4