IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARRICKIO D. HARRIS,

    Plaintiff,

vs.

COUNTY OF LANCASTER, NEBRASKA, JODI L. NELSON, and DARLA S. IDEUS,

    Defendants.

8:23CV374

MEMORANDUM AND ORDER

Plaintiff Marrickio D. Harris, a prisoner proceeding in forma pauperis, filed a "Notice of Removal," which the Court docketed as a civil complaint (the "Complaint"), Filing No. 1, and a "Supplemental Notice of Removal" ("Supplement"), Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Court will consider the Supplement as part of Plaintiff's Complaint. *See* Filing No. 8 at 3; NECivR 15.1(b).

### I. BACKGROUND AND SUMMARY OF COMPLAINT

When he filed his Complaint on August 21, 2023, Plaintiff sought to remove a civil action he filed on April 20, 2023, in the District Court of Lancaster County, Nebraska, at Case No. CI23-1434 (the "State Case") against Lancaster County and Lancaster County District Court judges Jodi L. Nelson ("Judge Nelson") and Darla S. Ideus ("Judge Ideus") (collectively "Defendants"). Plaintiff filed his Supplement on September 28, 2023, alleging

    Judge James C. Stecker, the Clerk of the Lancaster County District Court, Defendants, and the Defendants' attorneys, all

> conspired together to racially discriminate against Plaintiff and further violate his civil rights by intentionally delaying the filing of Plaintiff's Notice of Removal in the state court until August 25, 2023, so that Judge Stecker could file an Order on August 23, 2023, dismissing Plaintiff's [State Case] Complaint without leave to amend.

Filing No. 7 at 2. Plaintiff, thus, asked the Court to allow this action to proceed as one properly removed to it. *Id*. at 3. On April 29, 2024, the Court, in an order entered by Senior District Judge Joseph F. Bataillon, ruled that removal of the State Case was improper as Plaintiff "is the plaintiff in the state action he seeks to remove, and removal is allowed only to defendants." Filing No. 8 at 2. Accordingly, the Court declared this action would be treated "as an original civil rights action, in conformity with the Court's docketing of Plaintiff's pleading as a civil complaint."[1] *Id*. at 2–3. In light of this construction, the following summary is taken largely from the copy of the State Case complaint Plaintiff included with the Complaint. *See* Filing No. 1 at 5–31.

Plaintiff sues Lancaster County, Judge Nelson, and Judge Ideus pursuant to 42 U.S.C. §§ 1983 and 1985 for alleged deprivations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution arising out of Plaintiff's criminal case and postconviction proceedings in *State v. Harris*, CR18-1350, District Court of Lancaster County, Nebraska (the "Criminal Case"). Plaintiff alleges he "was unconstitutionally arrested, maliciously prosecuted, and wrongfully convicted and imprisoned for possession with intent to deliver controlled substances, along with other various false charges, which he did not commit." Filing No. 1 at 5.

---

[1] In the Court's April 29, 2024, order, no notice of the Court's decision denying Plaintiff's request to remove the State Case and proceed with this case as an original civil action was provided to the Lancaster County District Court. Accordingly, the Court will provide such notice with this Memorandum and Order.

2

On December 6, 2018, Plaintiff was charged by an information in the Lancaster County District Court ("trial court") with three drug-related felonies and chose to represent himself. The trial court appointed attorney Peter K. Blakeslee ("Blakeslee") as Plaintiff's standby counsel, though Plaintiff objected to having standby counsel. At Plaintiff's subsequent arraignment, Judge Nelson asked Plaintiff how he would like to plead to which Plaintiff stated, "I don't plead," and Judge Nelson ultimately entered pleas of not guilty for Plaintiff. *Id.* at 10. Plaintiff then filed motions to dismiss for lack of jurisdiction and raised questions about the trial court's jurisdiction, which Judge Nelson did not answer and she summarily overruled his motions to dismiss.

On or about April 3, 2019, Judge Nelson questioned Plaintiff's competence to represent himself "when Plaintiff denied understanding what was going on," though Plaintiff stated that his lack of understanding was due to the trial court's and prosecutor's failure to answer his questions regarding the court's jurisdiction. *Id.* at 12. "Judge Nelson then stated to Plaintiff that she could not allow him to represent himself and unlawfully forced the appointment of Blakeslee as trial counsel for Plaintiff," even though Plaintiff maintained his right to represent himself and "refused" Blakeslee's representation. *Id.* At the State of Nebraska's request, Judge Nelson ordered Plaintiff to undergo a competency evaluation and revoked Plaintiff's bond purportedly "in order to effectuate the competency evaluation in its most efficient fashion." *Id.* Plaintiff, who is an African-American man, *Id.* at 2, alleges "Judge Nelson does not revoke bonds of Caucasians who need to complete competency evaluations," *Id.* at 12. On April 11, 2019, Judge Nelson found Plaintiff competent to stand trial based on the results of the competency evaluation and reinstated Plaintiff's bond. Judge Nelson also overruled Blakeslee's multiple motions to withdraw as counsel based on Plaintiff's wish

3

to continue to represent himself and the trial court's finding that he was competent to stand trial. In denying Blakeslee's motions, Judge Nelson "claim[ed] to differentiate between Plaintiff's 'competency to stand trial' and his 'competency to conduct a trial and to represent himself.'" *Id.* at 14. Plaintiff claims Judge Nelson's reasoning was actually "ill-motivated . . . or to racially discriminate against Plaintiff because he is African-American." *Id.* Judge Nelson then reassigned Plaintiff's Criminal Case to Judge Ideus.

On June 14, 2019, Judge Ideus denied Blakeslee's renewed motion to withdraw as counsel "for the ill-motivated reason that Plaintiff is African-American." *Id.* at 14–15. When Plaintiff argued "that he did not ask for counsel and that counsel [was] 'being forced' upon him" in violation of his due process rights, Judge Ideus stated, "[Y]ou are represented by counsel in this case. I understand that you don't wish to be represented by counsel. . . . [T]hese are all arguments you can raise if you wish, on appeal." *Id.* at 15. After Plaintiff continued to express his wish for counsel to withdraw and his lack of understanding regarding the trial court's jurisdiction, Judge Ideus "responded to Plaintiff, threatening 'when we bring in the potential jury members, you will speak only through your counsel. So we cannot have these outbursts, and you cannot speak on the record . . . If you refuse to follow these rules, you will be removed from the courtroom, [and] your bond will be revoked. And we will proceed with your trial, and you can participate by video.'" *Id.* at 15–16. Plaintiff alleges Judge Ideus' threat to revoke his bond "had a chilling effect on Plaintiff's exercise of free speech to assert that his rights to self-representation not be violated" and on his "ability to participate at his trial." *Id.* at 16.

Plaintiff was ultimately convicted and filed a timely motion for postconviction relief on January 26, 2022, in which he asserted judicial misconduct and bias claims against Judge Nelson. *Id.* at 19–20. Plaintiff

4

alleges Judge Nelson retaliated against him by ruling that Plaintiff's appeal from the partial denial of return of seized property in a separate action divested the trial court of jurisdiction over Plaintiff's postconviction motion and causing undue delay of his postconviction proceedings. Plaintiff further claims Judge Nelson retaliated against him by overruling his motion to recuse Judge Nelson and Judge Ideus from presiding over his postconviction proceedings and by ordering a hearing on the State's motion to deny postconviction relief without an evidentiary hearing although the State never requested any hearings. Rather, Plaintiff requested a hearing on his postconviction motion, which Judge Nelson allegedly ignored.

Based on their actions in the Criminal Case, Plaintiff claims Judge Nelson retaliated against him, she and Judge Ideus conspired to violate his constitutional rights, and Lancaster County acted with deliberate indifference to Plaintiff's rights "(1) by failing to establish, implement, and follow policies, procedures, customs and practices mandated by the United States Constitution and laws; [and] (2) by failing to properly supervise, manage, control, and direct the activities of" Judge Nelson and Judge Ideus. *Id.* at 27–28. As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief, including an injunction enjoining Judge Nelson and Judge Ideus from participating in Plaintiff's Criminal Case proceedings. *Id.* at 30.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute

and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

For the reasons that follow, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted against Defendants.

**A. Supplement Claims**

As an initial matter, Plaintiff's Supplement could be liberally construed as alleging due process, equal protection, and access to courts claims against Defendants, their attorneys, Judge Stecker, and the Clerk of the Lancaster County District Court for the belated filing of his Notice of Removal to this Court. Filing No. 7 at 1–3. To the extent Plaintiff alleges he was denied due process and equal protection due to "racial discrimination," he alleges no facts in support of such claims. Moreover, the Court concludes the delay in filing Plaintiff's Notice of Removal does not suggest a constitutional violation as Plaintiff has not demonstrated that he suffered an "actual injury" as a result. To prevail on an access to courts claim, a plaintiff must establish that he sustained "an actual injury," meaning "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). Because Plaintiff's attempted removal of the State Case to this Court was impermissible, he did not suffer any injury from the alleged delay in the filing of his Notice of Removal in the state court. Accordingly, to the extent Plaintiff seeks to allege any claims for relief in his Supplement, his allegations fail to state a claim upon which relief may be granted and must be dismissed.

**B. Claims against Lancaster County**

Plaintiff sues Lancaster County, a Nebraska political subdivision, alleging the County "employs and is responsible for the policy, practice, procedure, supervision, implementation and conduct of all matters pertaining to the Lancaster County District Court, Defendant Jodi L. Nelson, and Defendant Darla S. Ideus." Filing No. 1 at 6–7.

In order to state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff has not alleged any facts to suggest an unconstitutional policy or custom of Lancaster County caused a violation of his constitutional rights. Rather, Plaintiff has alleged in vague and conclusory fashion that

Lancaster County is responsible for the overall supervision of Judge Nelson, Judge Ideus, and the Lancaster County District Court. However, the Nebraska Constitution specifically provides that the "general administrative authority over all courts in this state shall be vested in the Supreme Court and shall be exercised by the Chief Justice." Neb. Const. art. V, § 1. Thus, the premise of Plaintiff's claims against Lancaster County is inherently flawed, and nothing in the Complaint suggests an unconstitutional policy of Lancaster County was the moving force behind the alleged deprivations of Plaintiff's constitutional rights caused by Judge Nelson and Judge Ideus over whom Lancaster County has no control. *See Garrotto v. McManus*, 185 Neb. 644, 652, 177 N.W.2d 570, 576 (1970) ("A district judge[] is not an officer of the county or counties comprising his judicial district but is an officer of the State."). Accordingly, Plaintiff's claims against Lancaster County are dismissed.

**C. Claims Against Judge Nelson and Judge Ideus**

   *1. Sovereign Immunity*

Plaintiff sues Judge Nelson and Judge Ideus in both their official and individual capacities for damages, declaratory, and injunctive relief. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her

9

official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff seeks damages from Judge Nelson and Judge Ideus in their official capacities. As district court judges within the Nebraska Judicial Branch, Judge Nelson and Judge Ideus are state officials, not employees of Lancaster County as Plaintiff claims. *State ex rel. Stenberg v. Murphy*, 527 N.W.2d 185, 192 (Neb. 1995) ("a district court judge . . . is a state officer . . . who exercises the power of the judicial department of government" (internal citation omitted)). Thus, Plaintiff's official-capacity claims against Judge Nelson and Judge Ideus are claims against the state. *See El v. Daniels*, No. 8:22CV203, 2023 WL 3004577, at *4 (D. Neb. Apr. 19, 2023) (official-capacity claims against state court judge are claims against state); *McKinnies v. McCulley*, No. 4:23-CV-0080 RLW, 2023 WL 1765201, at *4 (E.D. Mo. Feb. 3, 2023) (same). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for damages against Judge Nelson and Judge Ideus in their official capacities are dismissed.

There is an exception to sovereign immunity. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997), *abrogated on other grounds*, *S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025). Though Plaintiff seeks prospective relief in this case, he cannot obtain the relief he seeks against Judge Nelson and Judge Ideus as explained below.

### *2. Judicial Immunity*

Plaintiff's claims against Judge Nelson and Judge Ideus are barred under the doctrine of judicial immunity. A judge is immune from suit, including suits brought under §§ 1983 and 1985 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in [her] judicial capacity." *Id.* (internal citations omitted).

Here, it is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Plaintiff alleges that Judge Nelson and Judge Ideus discriminated against him by, among other things, denying his right to self-representation, forcing unwanted counsel upon him, revoking his bond to undergo a competency evaluation, preventing him from participating in his trial and defense due to the threat of having his bond revoked, and retaliating against him by making certain rulings regarding his postconviction motion. Although Plaintiff alleges both judges acted in violation of his constitutional rights, Plaintiff alleges no facts regarding Judge Nelson's or Judge Ideus' conduct that would fall outside the scope of a judge's duties in presiding over criminal proceedings. Accordingly, Judge Nelson and Judge Ideus are entitled to immunity.

In addition, section 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'"

11

*Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, Plaintiff does not allege that either of the prerequisites for injunctive relief are met. *See Id*. (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Furthermore, "[e]quitable relief is not appropriate where an adequate remedy under state law exists." *Id*. at *3 (citing *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984)). There is no indication that Plaintiff has been or will be prevented from seeking review on appeal of any of his constitutional claims arising out of Judge Nelson's or Judge Ideus' rulings in his Criminal Case and postconviction proceedings. *See id*. ("An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.")

Based on the foregoing, the Court will dismiss Plaintiff's action against Judge Nelson and Judge Ideus because they are immune from suit.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants as the facts alleged fail to establish Lancaster County's municipal liability and Judge Nelson and Judge Ideus are entitled to immunity. Accordingly, the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915(e) and 1915A without leave to amend as the Court concludes further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed.
2. The Court will enter a separate judgment.

3.  The Clerk of the Court is directed to send a copy of this Memorandum and Order and the Judgment to the Clerk of the Lancaster County District Court.

Dated this 26th day of June, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge